LEHAN, Judge.
Plaintiff contractor appeals from a partial summary judgment entered on defendant property owners’ counterclaim. The partial summary judgment assesses delay damages against plaintiff for late completion of a construction project for defendants. We reverse.
The contract provided a date by which there was to be “substantial completion” and then provided for damages for delays past the “time of completion specified above.” Plaintiff’s affidavit in opposition to defendants’ motion for summary judgment states that substantial completion was on December 30, 1986 at which time a certificate of occupancy was issued, not February 25, 1987 as found by the trial court to be the date of completion. The affidavit also is to the effect that substantial completion would have been on December 8, 1986 except for delays which were not the responsibility of plaintiff, including delays caused by a third party who had separately contracted with the owner for an essential part of the project. The affidavit further states that under the contract the time of substantial completion was to be extended for delays caused by a third party. Thus, since there were disputed issues as to whether there had been any delays chargeable to plaintiff and, even if so, how much they amounted to, there were disputed issues of material fact precluding summary judgment.
Defendants argue that plaintiff had admitted in its answer to the counterclaim that its last work was performed February 25, 1987. Indeed, the contractor’s above referenced affidavit is to that effect. However, based upon that affidavit there is a disputed issue of material fact as to whether work done by the plaintiff through that *717 date was necessary for substantial completion of the project or, on the other hand, was, as that affidavit indicates, not necessary for that purpose and was only “punch out work ... at the request of the owners.”
REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT HEREWITH.
RYDER, A.C.J., and DANAHY, J., concur.